UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MIKE SETTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) No. 17-1239-JDT-jay |
| | ) |
| MIKE PARRIS, | ) |
| | ) |
| Respondent. | ) |
| | ) |

ORDER TO UPDATE THE DOCKET, DENYING § 2241 PETITION,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Mike Settle has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2241, (ECF No. 2), and an amendment to the Petition, (ECF No. 8). For the following reasons, the Petition, as amended, will be dismissed. The Clerk shall record the Respondent as Warden Mike Parris.[1]

**BACKGROUND**

On May 5, 2000, Settle pleaded guilty before the undersigned to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *United States v. Settle*, No. 99-10073-JDT, ECF No. 31 (W.D. Tenn.). The Court determined he was subject to a mandatory minimum prison term of fifteen years under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Id.*

---

[1] Petitioner is currently housed at the Morgan County Correctional Complex. Parris is the warden of that facility and is, thus, the proper Respondent in this case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d).

Presentence Report (PSR) at 6, 19.  His designation as an armed career criminal was predicated on one Tennessee conviction for aggravated burglary, six Tennessee convictions for aggravated robbery, and two Tennessee robbery convictions.  *Id.* PSR at 6, 11-14.  On August 2, 2000, the Court imposed a 262-month term of imprisonment, to run consecutive to any previous state or federal sentence, and a three-year period of supervised release.  *Id.* ECF No. 35.

Settle filed his first 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence on July 3, 2003.  *Settle v. United States*, No. 03-1167-JDT-egb, ECF No. 1 (W.D. Tenn.).  He asserted that "[h]is guilty plea was invalid because the Court did not inform him that he would not begin serving his federal sentence until he was received in federal custody; . . . [h]e received ineffective assistance of counsel which rendered his guilty plea invalid; and . . . [h]e was denied due process because the Court failed to inform him that his federal sentence would run consecutively to th[e] state sentence."  *Id.* Order Denying § 2255 Motion, ECF No. 5 at PageID 2.  Following a remand by the U.S. Court of Appeals for the Sixth Circuit, the undersigned dismissed the petition as untimely on June 18, 2007.  *Id.* Order of Dismissal, ECF No. 25.  The Sixth Circuit denied a certificate of appealability.  *Settle v. United States*, No. 07-5844 (6th Cir. Feb. 1, 2008), *cert. denied*, 555 U.S. 611 (2008).  Settle subsequently filed numerous applications with the Court of Appeals for permission to file a second or successive § 2255 petition, all of which were denied.  *See Settle v. Phillips*, No. 15-1076-JDB-egb, 2016 WL 705225, at *3-4 (W.D. Tenn. Feb. 19, 2016) (detailing Petitioner's numerous collateral filings through 2015).

## DISCUSSION

On December 4, 2017, Settle filed the Petition in the U.S. District Court for the Eastern District of Tennessee, once again challenging the imposition of his federal conviction and sentence.  The case was transferred to this district on December 21, 2017.  (ECF No. 4.)  On July

29, 2019, Petitioner filed a motion for leave to amend the Petition (ECF No. 8), which the Court granted (ECF No. 9).

In his Petition and amendment to the Petition, Settle asserts that he no longer qualifies as an armed career criminal under the ACCA because his Tennessee aggravated burglary conviction is not a violent felony. In support, he relies on the Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254 (2013), *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).

As a general matter, a federal prisoner may challenge the "validity of [his] federal conviction or sentence" only by way of a motion under § 2255. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). However, he may advance such a challenge under § 2241 if he establishes, pursuant to § 2255's "savings clause," that a remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). The petitioner bears the burden of proving the inadequacy or ineffectiveness of a remedy under § 2255. *Charles*, 180 F.3d at 756.

"Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Id.* (citations omitted). Instead, a petitioner generally must assert his "actual[] innocen[ce]," which can be based on an intervening change of statutory interpretation. *Hill*, 836 F.3d at 594 (quoting *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)). In *Hill*, the Sixth Circuit held that a petitioner asserting such a change in governing law regarding a sentence enhancement must show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence

3

presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Id.* at 595.

The Court need not decide if Settle's claim meets *Hill*'s requirements.  That is so because, even if Petitioner may raise his claim by way of § 2241, he was properly determined to be an armed career criminal subject to an enhanced sentence.

Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years."  18 U.S.C. § 924(e)(1).  The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  The first part of subsection (ii) is referred to as the "enumerated offenses" clause, while the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause."  *Johnson*, 135 S. Ct. at 2555-57.

In *Johnson*, the Supreme Court held the residual clause is unconstitutionally void for vagueness.  *Id.* at 2257.  Therefore, an enhanced sentence under the residual clause violates due process as guaranteed by the Fifth Amendment.  *Id.*  The Court made clear, however, that its "decision [did] not call into question application of the [ACCA] to the four enumerated offenses[.]"  *Id.* at 2563.

In determining whether a defendant's burglary conviction qualifies as an ACCA predicate, a court must "apply the 'categorical approach'" set forth in *Descamps* and clarified in *Mathis*.

4

*United States v. Stitt*, 860 F.3d 854, 857 (6th Cir. 2017) (en banc), *rev'd on other grounds,* 139 S. Ct. 399 (2018) (quoting *Descamps*, 570 U.S. at 257).  That approach requires a comparison of "the statutory elements of [the state statute] to the elements of 'generic burglary.'"  *Id.* (citing *Descamps*, 570 U.S. at 257).  A petitioner's conviction constitutes a violent felony under the ACCA "only if the statute's elements are the same as, or narrower than, those of the generic offense."  *Descamps*, 570 U.S. at 257.

Petitioner's argument, here, that he no longer qualifies as an armed career criminal following the decisions in *Johnson*, *Descamps*, and *Mathis*, is unavailing for two reasons.  First, the Supreme Court in *Stitt* held that Tennessee aggravated burglary is a violent felony for purposes of the ACCA.  *Stitt*, 139 S. Ct. at 406.  Second, as the Sixth Circuit found in denying one of Petitioner's numerous applications for leave to file a second or successive petition, "even if Settle's aggravated burglary conviction is excluded, [he] has more than three qualifying prior violent felony convictions to support his status as an armed career criminal—six aggravated robbery convictions and two robbery convictions."  *In re Settle*, No. 17-5040, ECF No. 7-2 at 2-3 (6th Cir. Aug. 29, 2017).  The Petition, as amended, is therefore without merit and is DENIED.

## APPEAL ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging the imposition of their convictions or sentences need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

Pursuant to Federal Rule of Appellate Procedure 24(a)(1), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  Fed.

5

R. App. P. 24(a)(4)-(5). In this case, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

IT IS SO ORDERED.

                                                      s/ **James D. Todd**
                                                      JAMES D. TODD
                                                      UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must either pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.